# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRACEY ALEXANDER VINSON,

        *Plaintiff,*

*v.*

ROSS, et al.,

        *Defendants.*

_____/

Case No. 2:24-cv-12002

Terrence G. Berg
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## REPORT AND RECOMMENDATION
## TO GRANT DEFENDANTS' MOTION FOR
## JUDGMENT ON THE PLEADINGS (ECF No. 17)

## I.    RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Defendants' motion for judgment on the pleadings (ECF No. 17) be **GRANTED**.  If adopted, this case would be closed.

## II.    REPORT

### A.    Background

This is a civil rights case under 42 U.S.C. § 1983.  Plaintiff alleges that Defendants Ronald Ross, Craig Lee, Charles Graham, and Brett Hansen committed constitutional violations arising out of his 2018 arrest and 2019 prosecution for criminal sexual conduct and intimidation of the victim/witness in that case.  (ECF

No. 7).  Plaintiff filed the original complaint (ECF No. 1) on July 31, 2024, bringing

claims under the Fourth, Sixth, and Fourteenth Amendments against Defendants for

their alleged Equal Protection, unlawful arrest, and speedy trial violations.  (*Id.* at

PageID.33–34).

The facts as pleaded in Plaintiff's amended complaint are as follows:

> I was assaulted after breaking up with my girlfriend that was a
> Caucasian female.  I called the police and she ran away from the house
> before the police can get to the house.  I have made several other
> domestic violence calls that never resulted in an arrest.  When the police
> caught my ex-girlfriend first Maria Laggatutta running she told them
> he assaulted me cause I raped her to make them arrest me instead of
> her.  Because of prejudice and racial discrimination the officers arrested
> me and charged me the next year after Maria confessed to detective
> Graham in a video that she lied about me raping her.  I was restricted
> for three years almost from traveling out of state for work and school
> cause I was on bond I was denied housing and employment that resulted
> in homelessness and sleeping in my car for the winter.

(*Id.* at PageID.36 (sic throughout)).  Plaintiff further alleges:

> I made several police reports about domestic violence from Maria
> Laggatutta and they never arrested her that was a violation of my rights
> to equal protection of the laws against domestic violence the officers
> Ross and Sergeant Lee still had me arrested and later falsely charged
> me with third degree CSC to protect a white female from consequence
> from assaulting a African American male.  Detective Graham and
> detective Hanson still issued a arrest warrant against me after Maria
> Laggatutta confessed to lying about being raped.

(*Id.* at PageID.34 (sic throughout)).  Based on these factual allegations, Plaintiff

claims:

> The Fourth Amendment was violated by the arresting officers that says
> I have a right to be secure in my home and broke into my home and my

> room while I was sleep to falsely arrest me.  My right to a speedy trial
> was violated cause I was denied a trial for 2 years.  Also my right to
> equal protection of the law was violated by the officers cause I called
> the police reporting domestic violence and I was not equally protected
> when I was falsely arrested 3 times and arrest for falsified statements
> and claims.

(ECF No. 7, PageID.33 (sic throughout)).

The only specific date that Plaintiff mentions in his amended complaint is that the events that gave rise to his claims occurred "[i]n Ann Arbor, Michigan on August 10th 2018."  (ECF No. 7, PageID.35).  In his original complaint, Plaintiff alleged that "on November 16, 2021, the charges were dismissed by the special prosecutor." (ECF No. 1, PageID.6).  Defendants have provided the Court with a "Motion/Order of Nolle Prosequi" from the State of Michigan 15th Judicial District which indicates that on November 23, 2021, "Angela J. Borders, prosecuting official, move[d] for a nolle prosequi in this case … [a]t the request of the victim."  (ECF No. 17-4, PageID.181).  The same motion/order was granted and entered by that court on November 29, 2021.  (*Id.*).  Although the exhibits attached to the motion for judgment on the pleadings—including the Motion/Order of Nolle Prosequi— lie outside of the pleadings, the Sixth Circuit has held that

> a court may consider exhibits attached to the complaint, public records,
> items appearing in the record of the case, and exhibits attached to
> defendant's motion to dismiss, so long as they are referred to in the
> complaint and are central to the claims contained therein, without
> converting the motion to one for summary judgment.

*Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

Before the Court is Defendants' motion for judgment on the pleadings (ECF No. 17), which is fully briefed (ECF Nos. 19, 20 (response), 21 3 (reply), 24 (sur-reply)) and ready for consideration.  As will be explained, the Undersigned recommends that this motion be granted.

### B.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is assessed "using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)."  *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (citations omitted).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *Jackson v. Pro. Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).  "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.' "  *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

When a plaintiff proceeds without counsel, a court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading

4

drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Further, "[t]o plausibly state a cause of action under 42 U.S.C. § 1983, a plaintiff must plead two elements: '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.' " *Whitacre v. Adult Parole Auth.*, No. 2:23-CV-3625, 2024 WL 4750214, at *2 (S.D. Ohio Nov. 12, 2024) (quoting *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008)). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Importantly, liability under § 1983 must be based on more than a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

In addition to addressing the arguments raised by Defendants in their motion, the Undersigned concludes that at least one of Plaintiff's claims should be dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Notwithstanding the order permitting the constitutional claims to proceed (*see* ECF No. 8, PageID.49), 28 U.S.C. § 1915(e)(2) expressly permits dismissal "*at any time* if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *Id.* (emphasis added). Therefore, the statute itself contemplates dismissal based upon a subsequent redetermination that no claim has been stated, even if the court's

initial inclination was to let the claim proceed. Here, Defendants' motion, in combination with Plaintiff's averments in the amended complaint, have caused the Undersigned to take a fresh look at the pleading.

### C. Analysis

Defendants raise two arguments. First, they argue that all of Plaintiff's claims are barred by the applicable statute of limitations, and second, that they enjoy qualified immunity as to Plaintiff's claim under the Sixth Amendment for violation of his speedy trial rights. (ECF No. 17, PageID.83). Specifically, Defendants first argue that "[i]t is clear from the face of Plaintiff's First Amended Complaint that his claims, which accrued in 2018, and at the very latest in 2019, are barred by the applicable three-year statute of limitations and should be dismissed. (ECF No. 7, PageID.33-37)." (ECF No. 17, PageID.90).

"Because Congress did not specifically adopt a statute of limitations governing § 1983 actions, 'federal courts must borrow the statute of limitations governing personal injury actions in the state in which the § 1983 action was brought.' " *Wolfe v. Perry*, 412 F.3d 707, 713–14 (6th Cir. 2005) (quoting *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)). In Michigan, the "appropriate statute of limitations" for a § 1983 claim is the "state's three-year limitations period for personal injury claims." *Id.* (citing Mich. Comp. Laws § 600.5805(10)). Plaintiff does not dispute that the three-year statute of limitations is applicable in this matter.

(*See* ECF No. 19, PageID.185).   Instead, Plaintiff argues that his "charges were dismissed without prejudice on November 24, 2021.  Therefore, [his] §1983 claims for wrongful arrest, prosecution, and detention did not accrue until that date, and the 3 years statu[t]e of limitations did not start until November 2021."  (ECF No. 20, PageID.190).

While state law provides the proper statute of limitations to be applied, "courts determine the accrual date of § 1983 claims using *federal* standards."  *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 602 (6th Cir. 2025) (emphasis in original).  Regarding the accrual of claims in § 1983 cases, the Sixth Circuit has held:

> The date on which the statute of limitations begins to run in a § 1983 action is a question of federal law.  For a malicious-prosecution claim, because an element that must be alleged and proved is termination of the prior criminal proceeding in favor of the accused, the statute of limitations in such an action does not begin to run until the plaintiff knows or has reason to know of such favorable termination."  A plaintiff need only show that the criminal prosecution ended without a conviction.  A plaintiff need not show that the criminal prosecution ended with some affirmative indication of innocence.

*Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1031 (6th Cir. 2025) (cleaned up).

### i.   Fourth Amendment False Arrest Claim

Plaintiff's first claim is that "[t]he Fourth Amendment was violated by the arresting officers that says I have a right to be secure in my home and broke into my

home and my room while I was sleep to falsely arrest me." (ECF No. 7, PageID.33 (sic throughout)). Plaintiff relies on *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994), for the proposition that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." However, Plaintiff's reliance is misplaced. By his own pleading, he is not challenging the prosecution or sentence in his case, of which there is none. Rather, the amended complaint, in its own language, states that he is seeking relief for false arrest. (ECF No. 7, PageID.33). Neither the words nor the elements of malicious prosecution are stated in the amended complaint.

The Sixth Circuit has directly addressed the issue of accrual for claims arising from a claim of false arrest and detention:

> In this § 1983 context, the Court has started its accrual analysis with the standard rule: that a claim accrues when the plaintiff has a complete cause of action. Our § 1983 caselaw, by contrast, has started the accrual analysis with the competing discovery rule: that the claim accrues when the plaintiff knows of, or should have known of, that cause of action. Do our cases imbibing this "bad wine" warrant reconsideration in light of the Supreme Court's recent teachings? We need not resolve this tension now because [the plaintiff's] claims would be untimely either way. If the standard rule were to apply here, the limitations period for a claim involving a false arrest and imprisonment would "commence to run" from the date of the wrongful arrest because the plaintiff has a complete cause of action at that point. And if the discovery rule were to apply, [the plaintiff's] knowledge that he had been arrested (allegedly wrongfully) would start the clock on the same date. Either approach thus would have triggered the statute of limitations on February 17, 2014.

*Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (internal citations

omitted).   In this case, the only arrest date pleaded occurred "[i]n Ann Arbor, Michigan on August 10th 2018."  (ECF No. 7, PageID.35).  Public records in the form of the state court docket and preliminary hearing transcript—both attached to Defendants' motion—indicate that Plaintiff was bound over following a probable cause hearing on June 13, 2019.  (*See* ECF No. 17-2, PageID.107; ECF No. 17-3, PageID.120).  Plaintiff does not allege when he was released on bond, but the state court docket indicates that he was released on a $5,000.00 bond on May 1, 2019.  (ECF No. 17-2, PageID.106).  Under *Dibrell*, at the latest, Plaintiff's cause of action for wrongful arrest would have commenced on June 13, 2019, after he was no longer detained and had appeared for legal process before a magistrate.

Plaintiff further alleges in his amended complaint that "the officers arrested me and charged me the next year after Maria confessed to detective Graham in a video that she lied about me raping her."  (ECF No. 7, PageID.36).  As disturbing as this allegation is, Plaintiff has offered no exhibits to support this allegation, nor did his attorney present such evidence during his preliminary examination.

Defendants have provided the transcript from the June 13, 2019 preliminary hearing at which Lee, Graham, and Lagatutta[1] testified.  It is clear from the transcript that the videos which Plaintiff references were introduced at the preliminary hearing.

---

[1] The spelling offered by Maria Lagatutta for her last name at the preliminary hearing has been used in the body of this report when not directly quoting Plaintiff's filings.  (*See* ECF No. 17-3, PageID.132).

(ECF No. 17-3, PageID.167).  Graham testified that Plaintiff provided two videos, each of roughly a half-hour length.  (*Id.* at PageID.165).  Graham testified that he had viewed the videos and said they that depicted Plaintiff and Lagatutta

> talking about what had happened that night.  The, um – he also continues to ask her to call the prosecutor to drop the charges.  Um, at no point did she say that it did not happen.  But she did say that he, uh, that she would not have called the police.  And it was kinda his fault.  Um, because, uh, there wouldn't have been any police contact if he hadn't called the police on her.

(*Id.* at PageID.165).  On cross-examination, counsel for Plaintiff asked Graham, "Did you ever receive a video, from my client, that [Lagatutta] says that she lied, uh, re – regarding the rape, because she did not want to go to jail?"  (*Id.* at PageID.167).  Graham responded:

> I did review a video and in it, um, [Plaintiff] directly asked her if she, um, lied.  He -- he was kind of … offering a narrative for the video beforehand.  And then asked her if she had lied.  She looked to the side and said, "No."  As in, this didn't happen.

(*Id.*).

The evidence upon which Plaintiff would predicate his wrongful arrest claim was generated by him, given to the police by him, and offered to the state court in support of the charge of witness intimidation.  (*See* ECF No. 17-2, PageID.104).  Moreover, the state court heard that evidence, admitted the videos into evidence, and on that very evidence, bound over Plaintiff on the charge of witness tampering.  (ECF No. 17-2, PageID.104).  That court stated from the bench:

> [A]s to Count 2, the fact that, um, videos were submitted, where the defendant was present and, um, encouraging, persuading, and, um, urging the victim to call and recant her testimony is evidence, to me – as credible evidence to me – that, um, a finder of fact needs to make a decision about whether the defendant interfered with the victim and her testimony.

(ECF No. 17-3, PageID.171).  The very evidence upon which Plaintiff would now base his claim of a false arrest based on fabricated evidence was the evidence upon which Plaintiff was bound over for witness tampering at the very moment his due process rights were observed.  It is equally clear that on that same date, Plaintiff's claim, if any, for wrongful arrest accrued and that it is thus now time barred.

Moreover, even had Plaintiff included a claim for malicious prosecution, the amended complaint is insufficiently pleaded to support such a claim.

> The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright,* 449 F.3d 709, 715–16 (6th Cir. 2006) (internal quotation marks omitted).   "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process.' "  *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Wallace v. Kato,* 549 U.S. 384, 390 (2007)).  A malicious prosecution claim requires the following:
>
> > (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute"; (2) "that there was a lack of probable cause for the criminal prosecution"; (3) "that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty . . . apart from the initial seizure"; and (4) that "the criminal proceeding must

11

have been resolved in the plaintiff's favor."

*Tlapanco v. Elges*, 969 F.3d 638, 654–55 (6th Cir. 2020) (quoting *Sykes*, 625 F.3d 294 (cleaned up)).  In this case, probable cause was independently determined by the state court at the preliminary hearing, and Plaintiff has not otherwise stated a cognizable claim for malicious prosecution.

For the reasons explained above, Defendants' motion for judgment on the pleadings should be granted as to Plaintiff's claim for false arrest.

### ii.    Speedy Trial

Plaintiff's second claim is that his "right to a speedy trial was violated [be]cause [he] was denied a trial for 2 years."  (ECF No. 7, PageID.33).  However, this bare allegation is the entire statement of Plaintiff's claim and the factual support for it.  Plaintiff's amended complaint is silent as to any motive, method, overt act, or specific defendant who interfered with his speedy trial rights.

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of [his] claims that would entitle [him] to relief."  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard requires the

plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*  Here, Plaintiff has not merely provided insufficient facts; he has not provided any.

Moreover, other courts in the Sixth Circuit have rejected such bare-bones speedy trial claims against law enforcement officers on similar grounds.  For example, one district court explained that

> [a] plaintiff cannot maintain a speedy trial violation claim against a law enforcement officer defendant absent some allegation that the officer was liable for the delay in providing a trial. *Harris v. Goins*, No. 6: 15-151-DCR, 2017 WL 3097613, at *14 (E.D. Ky. July 20, 2017).  The plaintiff must allege that the law enforcement officer was responsible for the delays or colluded with the judge or prosecutors to deprive the defendant of his right to a speedy trial. *Id.* at *15.  The Complaint contains no allegations suggesting that [the defendant] is at all responsible for the delay in providing [the plaintiff] with a trial.  As a result, [the plaintiff] fails to state a claim for a violation of his right to a speedy trial under the Sixth Amendment.

*Hall v. City of Williamsburg*, No. CV 6: 16-304-DCR, 2017 WL 3668113, at *10 (E.D. Ky. Aug. 24, 2017); *see also Hart v. Mannina*, 798 F.3d 578, 595 (7th Cir. 2015) ("We doubt that any of the defendant police officers could be proper defendants for [a Sixth Amendment speedy trial] claim, but that issue has not been presented.").  Accordingly, Plaintiff's speedy trial claim should be dismissed for failure to state a claim.

### iii.   Equal Protection – Racial Discrimination

Plaintiff's third claim is that his "right to equal protection of the law was violated by the officers [be]cause [he] called the police reporting domestic violence and [he] was not equally protected when [he] was falsely arrested 3 times and arrest[ed] for falsified statements and claims." (ECF No. 7, PageID.33). Plaintiff gives a somewhat more detailed explanation of this claim in his response brief:

> Me, as a Black male, was aggressively pursued and arrested on fabricated charges, while my white ex-girlfriend – who committed domestic violence and falsely accused me – was neither investigated nor charged. This differential treatment, based on race and gender, constitutes a valid Equal Protection claim under the Fourteenth Amendment.

(ECF No. 20, PageID.18 (sic throughout)).

Even assuming that this could be construed as a sufficiently stated claim for relief, this claim is time barred. The Sixth Circuit has held that

> the standard rule is that a cause of action accrues when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. Because an action generally accrues when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred, we typically determine the accrual of a § 1983 action by looking to the event that should have alerted the typical lay person to protect his or her rights. Here, application of the general rule would indicate that [the plaintiff's] cause of action accrued—and the limitations period began—when [the plaintiff] discovered that the exculpatory evidence in question had not been disclosed to him.

*D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014) (cleaned up). Here, there was no exculpatory evidence withheld from Plaintiff. Rather, the evidence which

Plaintiff claims is exculpatory is the evidence on which he was indicted.

Defendants argue that "Plaintiff's Equal Protection claims, are based on his August 10, 2018 arrest and Lagattuta's non-arrest when he called to allegedly report domestic violence by Lagatutta and thus, accrued on August 10, 2018.  (ECF No. 7, PageID.33)."  (ECF No. 17, PageID.93).  Plaintiff offers no counter argument that his Equal Protection claim is subject to any tolling provision.  Based on the allegations in the amended complaint, the only plausible accrual date for Plaintiff's Equal Protection claim is August 10, 2018, when he was arrested.  Therefore, Defendants' motion for judgment on the pleadings should be granted as to Plaintiff's Equal Protection claim because it is time barred.

### D.    Conclusion

For these reasons, **IT IS RECOMMENDED** that Defendants' motion for judgment on the pleadings (ECF No. 17) be **GRANTED**.  If adopted, this case would be closed.

### III.    <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. §

636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this R&R to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 23, 2025

s/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

16